IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA DIVISION
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.                                                              CASE NO. 5:06-cr-3-RS-GRJ

SCOTT EDWARD NEWSOME,

                                        /

## REPORT AND RECOMMENDATION

This cause is before the Court on Defendant's motion to vacate, set aside, or

correct sentence pursuant to 28 U.S.C. § 2255.  (Doc. 35.)  On March 16, 2006,

Defendant pled guilty to conspiracy to possess with intent to distribute

methamphetamine and possession of a firearm in furtherance of a drug trafficking

crime. (Docs. 27 and 28.)  He was sentenced on March 16, 2006 to a term of 120

months imprisonment on the conspiracy charge and 60 months imprisonment on the

possession of a firearm offense, to run consecutive to the 120 months he received on

the conspiracy charge.  (Doc. 33.)  Defendant did not appeal his conviction to the

Eleventh Circuit.  The instant § 2255 motion was filed on August 15, 2011, when

Defendant placed it in the prison mail system.  (Doc. 35.)

Section 2255 provides:

> (a)  A prisoner in custody under sentence of a court established by
> Act of Congress claiming the right to be released upon the ground
> that the sentence was imposed in violation of the Constitution or
> laws of the United States, or that the court was without jurisdiction
> to impose such sentence, or that the sentence was in excess of the
> maximum authorized by law, or is otherwise subject to collateral
> attack, may move the court which imposed the sentence to vacate,
> set aside or correct the sentence.

28 U.S.C. § 2255(a).  "A 1-year period of limitation shall apply to a motion under this

section."  *Id*. at § 2255(f).  The one-year limitations period runs from the latest of:

> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.  Further, "in the proper case, § 2255's period of limitations may be equitably tolled."

Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).   However, equitable

tolling is an extraordinary remedy that is applied sparingly; indeed, it is appropriate only

"when a movant untimely files because of extraordinary circumstances that are both

beyond his control and unavoidable even with diligence." Sandvik, 177 F.3d at 1271;

*see also Wade v. Battle*, 379 F.3d 1254, 1264-65 (11th Cir. 2004) (movant bears

burden of establishing entitlement to extraordinary remedy of equitable tolling) (§ 2254

case).

For purposes of the limitations period, Defendant's conviction became final when

the 10-day period for filing an appeal elapsed on March 30, 2006.  *See* Fed. R. App. P.

4(b)(1)(a), 26(a)(2) (2009)(excluding intermediate Saturdays and Sundays from the

calculation).

Defendant argues that this Court lacked subject matter jurisdiction over his criminal case because Congress exceeded its authority in passing the statutes under which he was convicted.  In support of his argument, he cites <u>Bond v. United States</u>, 564 U.S. ——, 131 S.Ct. 2355 (2011).  In <u>Bond</u>, the Supreme Court held that an individual indicted for violating a federal statute "may have standing to challenge its validity on grounds that, by enacting it, Congress exceeded its powers under the Constitution."  <u>Id.</u>  at 2360.  Defendant cites to section 2255(f)(3) on the cover page of his motion, and apparently is attempting  to argue <u>Bond</u> created a newly recognized right applicable to cases on collateral review.  Nothing in <u>Bond</u>, however, suggests that the Supreme Court created a newly recognized right or that any such rights were retroactively applicable to cases on collateral review.  Defendant is challenging his conviction more than five years after it became final.  Accordingly, Defendant's motion is barred by the one year statute of limitations in 28 U.S.C. § 2255(f).

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, Doc. 35, should be **DENIED** as untimely under 28 U.S.C. § 2255(f).

**IN CHAMBERS** at Gainesville, Florida, this 13th day of October, 2011.

*s / Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**